UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. M. BUSTO,<br>    Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>    Respondent. | Case No. 21-cv-02641-EMC<br><br>**ORDER OF DISMISSAL** |

    Chad Michael Busto, currently residing in Santa Monica, California, filed a *pro se* petition for writ of habeas corpus. His petition for writ of habeas corpus is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The petition for writ of habeas corpus is nonsensical. Mr. Busto alleges that he is challenging "all punishment in America because of FRAUD & PREDICATION upon deception (Federal Offenses)." Docket No. 1 at 1. He reports that he is in "every prison in America & on Earth" and has claims against "all agencies & courts in America & all over the world." *Id.* at 2. As his first ground for relief, he alleges "fraudulence of identity," and his supporting facts consist of this statement: "Our languages' (including American English) ability to deny reality has confused us as humans throughout our history. Because we learn language as children it is hard for us to understand the inconsistencies even though we feel them." *Id.* at 6. The second and third grounds for relief for "predication upon deception" and "ignorance is aiding and abetting" are equally nonsensical. *Id.* at 6-7. In the "Request for Relief" section, Mr. Busto asks the Court to "convince our society and our president and vice president to have a meeting in Texas before

2024's election (all 331 million people, including *all* prisoners) . . . [to] convene in the Austin area for a National vacation/convention/employee picnic. *All* our prisoners (fed/state/jail/immigration/ mental hospital) can be there if necessary in leg chains and handcuffs." *Id.* at 7.

The petition is delusional. Normally, a delusional petition would be dismissed under the *in forma pauperis* statute, 28 U.S.C. § 1915, or the prisoner litigation screening statute, 28 U.S.C. § 1915A, which accord judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Andrews v. King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or importance: having no basis in law or fact'"). Mr. Busto paid the $5.00 filing fee and does not appear to be a prisoner; his petition thus cannot be dismissed under the *in forma pauperis* statute (§ 1915) or the prisoner litigation screening statute (§ 1915A). But that does not necessarily mean he can go forward with his nonsensical petition, as *all* petitions for writ of habeas corpus are subject to initial screening.

The Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) (prisoner not in state custody may obtain writ if he "is in custody in violation of the Constitution or laws or treaties of the United States"). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Here, the petition plainly fails to allege that Mr. Busto is in custody in violation of the Constitution or laws or treaties of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed; the requirement is jurisdictional). The petition also fails to allege a violation of the Constitution or laws or treaties of the United States. The petition must be dismissed, as it is

2

obvious that Mr. Busto is not entitled to the writ of habeas corpus on the allegations in the petition. Leave to amend will not be granted because it would be futile: the theory espoused by Mr. Busto simply does not amount to him being in custody in violation of the Constitution or laws or treaties of the United States. (The Court notes that this is the second habeas action filed by Mr. Busto this year alleging a nonsensical theory of relief. His earlier case also was dismissed. *See Busto v. United States*, No. 21-cv-1553 EMC.)

This action is **DISMISSED** because the petition fails to satisfy the custody requirement for habeas jurisdiction and fails to state a claim that Mr. Busto is in custody in violation of the Constitution or laws or treaties of the United States.

**IT IS SO ORDERED**.

Dated: May 5, 2021

_____
EDWARD M. CHEN
United States District Judge